STATE of Maine

v.

Terry LITTLEFIELD.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 20, 1988.

Decided May 2, 1988.

William R. Anderson, Dist. Atty., Patricia G. Worth, Asst. Dist. Atty., Belfast, for plaintiff.

Peter K. Mason, Searsport, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

The Defendant, Terry Littlefield, appeals from a judgment of conviction of two

failure to prove penetration beyond a reasonable doubt, the conviction of gross sexual misconduct could be affirmed.

counts of sexual abuse of a minor, 17–A M.R.S.A. § 254(1)(A) (Supp.1987) and one count of attempted rape, 17–A M.R.S.A. § 252(1)(B) (Supp.1987) after a jury trial in Superior Court (Waldo County) in September, 1986. The offenses were alleged to have occurred at Winterport over a year earlier.

The principal issue raised by the Defendant on this appeal relates to prior consistent statements of the victim that he asserts were improperly admitted into evidence over his objection. The first witness was the 16–year–old victim of these offenses. In the course of extensive cross-examination the defense suggested that the girl had developed "a very strong crush" on the 28–year–old Defendant that was completely rebuffed by him. The Defendant implied that her charges against him were fabricated only after the rejection. After the defense strongly implied this reason for the victim to falsify her testimony, the State adduced evidence in the direct examination of, first, the girl's pastor and then of the girl's aunt that the victim made statements shortly after the events in which she recounted the occurrence of the sexual encounters with the Defendant.

Because the Superior Court could by inference make the preliminary finding that the prior consistent statements were made before the alleged improper motive developed, the court did not err in admitting prior consistent statements by the victim to rebut the implied charge against her of recent fabrication or improper motive. M.R.Evid. 801(d)(1). Such statements to the victim's pastor and to her aunt were admissible here, not for their substantive truth, but to rebut the Defendant's earlier implication that the statements in court were made with improper motives. *State v. Williams,* 395 A.2d 1158, 1164 (Me.1978).

The other issues raised by the Defendant do not merit discussion here.

The entry is:

Judgment affirmed.

All concurring.